UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24176-CIV-ALTONAGA/O'Sullivan

JANE DOE,

    Plaintiff,

v.

HUDSON SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

**THIS CAUSE** came before Court upon Plaintiff, Jane Doe's Motion for Partial Summary Judgment ("Doe Motion") [ECF No. 26], filed January 24, 2017; and Defendant, Hudson Specialty Insurance Company's Motion for Summary Judgment ("Hudson Motion") [ECF No. 29], filed January 31, 2017. The Court has carefully reviewed the parties' written submissions,[1] record, and applicable law.

## I.  BACKGROUND

On November 7, 2014, Doe initiated a lawsuit against Moheb Inc. in Miami-Dade County circuit court based on incidents arising from Moheb's allegedly negligent operation of its Coconut Grove restaurant and bar, Mr. Moe's, on the night of July 5, 2014. (*See* Notice of Removal ("Notice") [ECF No. 1], Ex. A [ECF No. 1-1] 37–40[2]; *see also* Hudson Mot. 2). Doe

---

[1] These include the two Motions; Defendant's Opposition ("Hudson Response") [ECF No. 34]; Plaintiff's Consolidated Response/Reply ("Doe Response/Reply") [ECF No. 41]; and Hudson's Reply ("Hudson Reply") [ECF No. 44].

[2] Exhibit A contains the state court record. This page range refers to the initial "Underlying Complaint" in *Doe v. Moheb, Inc.*, 2014-028611-CA-01 ("Underlying Suit"). All references to record documents are citations to Exhibit A, as opposed to citations to multiple distinct exhibits attached to the Motions and briefing.

states she was then a 17-year-old student at the University of Miami and was in Mr. Moe's with a group of students who were also under the legal drinking age. (*See* Hudson Mot. 2; Doe Mot. 2). She alleges Moheb's employees or agents working at Mr. Moe's illegally provided alcoholic beverages to Doe and the group of students without requesting or verifying proof of legal drinking age. (*See* Underlying Compl. ¶¶ 7–14; Hudson Mot. 2). Doe states, as a result of Moheb's negligence, she became so intoxicated she was rendered helpless and unable to fend against two older male students; these students spirited her from the restaurant premises to a University dormitory where she was sexually assaulted. (*See* Underlying Compl. ¶¶ 15, 17–18).

At the time of the incident, Moheb held a liquor liability insurance policy from Hudson, effective from August 30, 2013 to August 30, 2014. (*See* Notice, Ex. A, 11–35 (the "Policy"); Hudson Mot. 3). The Policy provides coverage for liability "imposed upon the insured by reason of selling, serving or giving of any alcoholic beverage at or from the insured premises." (Policy 14). It also contains the following exclusion:

> Assault & Battery Exclusion – Absolute
> This insurance does not apply to claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured, and/or his employees.

(*Id.* 27).

After receiving notice of the Underlying Suit, Hudson issued a letter to Moheb denying insurance coverage for the incident based in part on this Assault & Battery Exclusion. (*See* Notice, Ex. A, 42–45). On May 11, 2016, Doe and Moheb entered into a Stipulation and Agreement for Settlement of Claim and Covenant Not to Sue. (*See* Notice, Ex. A, 47–49 ("Stipulation of Settlement")). In it, Moheb admitted liability and the parties agreed to the entry of a $3.5 million judgment against Moheb in the Underlying Suit. (*See id.* ¶¶ 1, 3). Additionally, the parties agreed Doe would not execute on the judgment and Moheb would

cooperate in any litigation she initiated to recover damages against other entities, including Hudson. (*See id.* ¶ 1; Hudson Mot. 2). That same day, Doe and Moheb also signed an Agreement for Assignment of Claims in which Moheb assigned and transferred to Doe its rights, claims, and benefits against Hudson and other entities related to the denial of insurance coverage and refusal to defend under the Policy. (*See* Notice, Ex. A, 51–52).

Final Consent Judgment was entered in favor of Doe on June 8, 2016. (*See id.* 54). Shortly thereafter, on July 21, 2016, Doe commenced this lawsuit against Hudson, seeking damages and attorney's fees as well as a declaration Hudson is liable to Doe in the amount of the Policy limit. (*See id.* 4–9).

## II.  LEGAL ANALYSIS

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c). At summary judgment, the moving party bears the initial burden of identifying "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (alterations and internal quotation marks omitted)). If "the moving party fails to demonstrate the absence of a genuine issue of material fact, the motion should be denied." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (citations omitted). The filing of cross-motions for summary judgment does not change the standard of review. *See LSQ Funding Group, L.C. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1325 (M.D. Fla. 2012) (citation omitted).

The parties agree Florida substantive law applies. (*See* Doe Mot. 6; Hudson Mot. 4). Under Florida law, an insured may bind its insurer to a reasonable consent judgment for liability against an adverse party in situations where coverage exists and the insurer wrongfully denies coverage and refuses to defend. *See Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059, 1062–63 (5th Cir. 1969). These so-called *Coblentz* agreements typically arise when the insurer leaves the insured open to liability in defending a case. *See id.* at 1063. Left exposed, the insured enters into a reasonable settlement agreement with the third-party claimant, and the parties consent to an adverse judgment collectible against the insurer only. In order to recover under a *Coblentz* agreement, a plaintiff must show: (1) the insurer wrongfully refused to defend the insured; (2) the consent judgment is covered under the insurance policy; and (3) the settlement was objectively reasonable and made in good faith. *See Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1324 (M.D. Fla. 2009), *as amended* (Jan. 4, 2010); (*see also* Hudson Mot. 5).

On February 13, 2017, the Court entered an Order [ECF No. 37] granting the parties' Joint Motion to Bifurcate Issues of Duty to Defend and Duty to Indemnify [ECF No. 35]. Thus, the Court considers only the briefing with respect to the first element — the duty to defend. "Where there is no duty to defend, there is no duty to indemnify." *Colony Ins. Co. v. Total Contracting & Roofing, Inc.*, No. 10-23091-CIV, 2011 WL 4962351, at *3 (S.D. Fla. Oct. 18, 2011) (citation omitted). If the Court finds there is no duty to defend, the second and third elements are moot.

Under Florida law, an insurer's "duty to defend depends solely on the allegations in the complaint filed against the insured," regardless of the true merits of the case. *Trizec Props., Inc. v. Biltmore Const. Co., Inc.*, 767 F.2d 810, 811 (11th Cir. 1985) (internal quotation marks and citations omitted). "If an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Mt. Hawley*

*Ins. Co. v. Dania Distrib. Ctr. Ltd.*, 513 F. App'x 890, 893 (11th Cir. 2013) (quoting *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580–81 (11th Cir. 1995)).

There is no duty to defend where "the alleged facts and legal theories do not fall within a policy's coverage." *Id.* (alteration in original) (quoting *Lawyers Title Ins. Corp.*, 52 F.3d at 1584). When an insurer denies coverage based on an exclusion in the policy, the insurer bears the burden of demonstrating "the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Hartford Accident and Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006) (citation omitted).

Hudson argues the claims of the Underlying Complaint fall within the Policy's assault and battery exclusion and Hudson therefore did not have a duty to defend Moheb in the Underlying Suit. (*See* Hudson Mot. 6). For her part, Doe does not dispute the assault and battery was a cause of her injury; she simply contends *both* the negligence of Moheb employees and the assault *combined* to cause her loss. (*See* Doe Mot. 9, 12). She argues under prevailing law her loss is covered if a covered cause of her loss — Moheb's alleged negligence — set in motion an excluded cause — the assault and battery. (*See* Doe Mot. 11). Hudson's is the sounder reading of the Policy and case law.

The Policy's exclusion states it applies to claims "arising out of" an assault or battery and expressly describes itself as "absolute." (Policy 27; *see generally* Hudson Resp.; *see also* Hudson Mot. 6). Florida courts have broadly interpreted the phrase "arising out of," concluding it is more expansive in meaning than "the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 539 (Fla. 2005) (internal quotation marks omitted) (quoting *Hagen v. Aetna Cas. and Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). The phrase connotes "some causal connection, or relationship"

beyond "mere coincidence," but does not require proximate cause. *Id.* at 539–40.

Where an insured's alleged negligence is intermingled with an assault and battery, Florida courts considering similar factual scenarios have denied coverage under insurance policies finding the negligence claims necessarily "arise out of" the assault and battery. *See Burlington Ins. Co.*, 560 F. App'x at 848 (citing cases). Moreover, the Policy here not only excludes "claims arising out of an assault and/or battery," but also specifies the exclusion applies regardless of whether the assault or battery was "caused by or at the instigation of, or at the direction of, or omission by, the insured, and/or his employees." (Policy 27). Plaintiff argues Moheb's negligent distribution of alcoholic beverages to underage minors or his failure to verify proper identification in some sense caused the assault and battery. (*See* Underlying Compl. ¶¶ 15, 17–18). The exclusion's language undeniably captures the actions and omissions alleged here.

According to Doe, this reading of the Policy would eviscerate two competing Florida doctrines used for determining the appropriate theory of recovery to apply when multiple perils converge to cause a loss and at least one of the perils is excluded from the insurance policy. *See Sebo v. Am. Home Assurance Co., Inc.*, No. SC14-897, 2016 WL 7013859, at *2–4 (Fla. Dec. 1, 2016). The "concurrent cause" doctrine extends insurance coverage to situations where covered and uncovered causes of a harm are "independent of each other" and the loss would not have occurred "but for the joinder" of the two. *Id.* at *4 (quoting *Wallach v. Rosenberg*, 527 So. 2d 1386, 1388 (Fla. 3d DCA 1988)). By contrast, the "efficient proximate cause" doctrine advocated by Doe provides "the efficient cause — the one that set the other in motion — is the cause to which the loss is attributable." *Id.* at *2 (citations omitted). Under the efficient proximate cause doctrine, insurance coverage exists where loss arises when a covered peril sets in motion an uncovered peril, but not vice versa. *See id.* at *3. Doe favors application of the

efficient proximate cause doctrine and submits her loss is attributable to a covered peril — negligence in the illegal dispensation of alcohol. (*See* Doe Mot. 11).

A review of the Florida case law indicates the concurrent cause doctrine and efficient proximate cause doctrine are ill fit for determining whether insurance coverage extends to negligence claims in cases "arising out of" an assault and battery when the Policy includes an assault and battery exclusion. *See Essex Ins. Co. v. Big Top of Tampa, Inc.*, 53 So. 3d 1220, 1223 (Fla. 2d DCA 2011) (citing *Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd.*, 721 So. 2d 402, 404 (Fla. 3d DCA 1998); *Miami Beach Entm't, Inc. v. First Oak Brook Corp. Syndicate*, 682 So. 2d 161, 162 (Fla. 3d DCA 1996); *Britamco Underwriter's, Inc. v. Zuma Corp.*, 576 So. 2d 965, 965 (Fla. 5th DCA 1991)). The concurrent cause doctrine and efficient proximate cause doctrine form no part of the analysis in these cases. Instead, the courts hew closely to the language of the policy exclusions and determine the exclusions extend to negligence arising out of the assault and battery. *See, e.g.*, *Britamco*, 576 So. 2d at 965 (finding assault and battery exclusion applied to claim of negligence in failing to hire adequate security since the claim arose out of the beating suffered by a bar patron at the hands of other patrons).

Doe does not meaningfully confront these cases much less cite favorable countervailing authority that features both an assault and battery exclusion and negligence claims. (*See generally* Doe Resp./Reply). But Florida courts considering similar facts and similarly worded policies have uniformly found provisions that exclude coverage for assault or battery claims also exclude coverage for negligence claims arising out of the alleged assault or battery. *See Essex*, 53 So. 3d at 1223 (citing cases). The same reasoning holds here and compels the conclusion the Policy, fairly read, excludes the negligence claims alleged in Doe's Underlying Complaint. As such, Hudson had no duty to defend. Further, because there is no duty to indemnify where there is no duty to defend, the remaining issues necessary to enforce the settlement agreement against

Hudson are moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant, Hudson Specialty Insurance Company's Motion for Summary Judgment **[ECF No. 29]** is **GRANTED**.

2. Plaintiff, Jane Doe's Motion for Partial Summary Judgment **[ECF No. 26]** is **DENIED**.

3. An order of final judgment shall be entered separately. The Clerk of Court is instructed the **CLOSE** the case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida this 14th day of March, 2017.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record